UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNETH ONAPOLIS (aka Shong),

      Petitioner,

v.                                                                                          Case No. 07-C-0150

JUDY SMITH, Warden,
Oshkosh Correctional Institution,

      Respondent.

**ORDER ON RULE 4 REVIEW**

On February 16, 2007, the petitioner, Kenneth Onapolis ("Onapolis"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to Onapolis' petition and the memorandum of law filed therewith, on September 27, 1989, Onapolis was convicted on two counts of forgery-uttering as a habitual offender and was sentenced to serve 12 years. He was eventually placed on parole. On July 18, 2002, the State of Wisconsin issued a violation warrant against Onapolis. On September 28, 2004, Onapolis, who had absconded, was extradited to the State of Wisconsin. On January 20, 2005, a final revocation hearing was held to revoke Onapolis' parole. That hearing was continued on February 16, 2005, and a final decision revoking Onapolis' parole was issued on February 24, 2005.

Onapolis appealed the revocation decision, claiming that his original sentence had expired in November of 2000, and the State did not maintain jurisdiction over him because the State had not followed the procedure set forth in Wis. Stat. § 304.072(3) and thereby toll his sentence.

On November 14, 2005, a post-conviction hearing was held in Winnebago County Circuit

Court. The court denied Onapolis' petition. Onapolis appealed to the Wisconsin Court of Appeals. On March 27, 2006, the court of appeals found that because Onapolis had filed a petition for a writ of habeas corpus challenging a revocation decision, and not a petition for a writ of certiorari, he was not entitled to relief. The court of appeals did not address the merits of his constitutional claim. On July 25, 2006, the Wisconsin Supreme Court denied Onapolis' petition for review.

To reiterate, Onapolis claims that because the State of Wisconsin failed to follow the procedure set forth in Wis. Stat. § 304.072(3) to toll his sentence, his sentence expired in 2000. Thus, he is being held in custody in violation of his constitutional right to due process.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

I cannot say from Onapolis' petition that he is not entitled to relief in the district court. Therefore, the respondent will be ordered to file an answer to the petition and the briefing schedule which is set forth below will thereafter govern the processing of Onapolis' petition. Because Onapolis has already filed a memorandum of law in support of his habeas corpus petition, the briefing schedule calls for the respondent to file the first brief.

**NOW THEREFORE IT IS ORDERED** that <u>on or before April 2, 2007</u>, the respondent shall file an answer to the petition;

**IT IS FURTHER ORDERED** that <u>on or before May 1, 2007</u>, the respondent shall file a

brief in response to the petitioner's memorandum of law;

**IT IS FURTHER ORDERED** that on or before June 1, 2007, the petitioner shall file a reply brief.

**SO ORDERED** this 21st day of February 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge