UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNETH ONAPOLIS (aka Shong),

    Petitioner,

v.                                                       Case No. 07-C-0150

JUDY SMITH, Warden,
Oshkosh Correctional Institution,

    Respondent.

## DECISION AND ORDER ON HABEAS CORPUS PETITION

### I. BACKGROUND

On February 16, 2007, the petitioner, Kenneth Onapolis ("Onapolis"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his confinement at the Oshkosh Correctional Institution, where the respondent, Judy Smith, is warden. Onapolis was convicted of two counts of forgery/uttering, as a habitual offender, in Dane County Circuit Court. On September 27, 1989, Onapolis was sentenced to concurrent twelve-year sentences.

Onapolis was paroled on October 29, 1992. On March 12, 1993, Onapolis absconded from Wisconsin parole supervision and left the State of Wisconsin. On or about February 20, 1997, Onapolis was arrested on federal charges. The State of Wisconsin filed a violation warrant against Onapolis on May 13, 1997. Following a term of initial confinement on the federal conviction, Onapolis was released to federal supervised release on November 17, 1999. On or about November 17, 1999, the State of Wisconsin cancelled its violation warrant and allowed Onapolis to serve his Wisconsin parole supervision jointly with his federal supervision.

On or about June 5, 2000, Onapolis absconded and left the United States. On May 12, 2002, Onapolis was brought back to the United States in order to stand trial on federal charges in the Northern District of Ohio. In July 2002, Onapolis entered a guilty plea and was sentenced to a period of initial confinement in federal prison, to be followed by a term of five years of supervised release. On July 18, 2002, the State of Wisconsin issued a violation warrant against Onapolis.

On September 28, 2004, Onapolis completed his initial term of federal confinement and was released to begin serving his five years of supervised release. On September 28, 2004, Onapolis was arrested and extradited to the State of Wisconsin to face a Department of Corrections Revocation proceeding. On January 20, 2005, a formal revocation hearing was held to revoke Onapolis' parole. The hearing was continued on February 16, 2005, and a final decision revoking Onapolis' parole was issued on February 24, 2005.

Onapolis appealed the revocation decision, and on March 22, 2005, the Division of Hearings and Appeals sustained the revocation order. Onapolis was reincarcerated for his Dane County forgery sentences for a period of seven years, six months, and twenty-five days.

On May 6, 2005, Onapolis filed a petition for writ of certiorari in the Dane County Circuit Court challenging his parole revocation. The petition was returned due to a technical irregularity. Onapolis resubmitted his petition on June 2, 2006. On June 8, 2006, the Dane County Circuit Court dismissed Onapolis' petition for writ of certiorari for failure to meet the 45 day filing deadline. Onapolis did not appeal the dismissal of this petition.

On September 6, 2005, Onapolis filed a state petition for writ of habeas corpus in the Winnebago County Circuit Court, challenging his parole revocation on the grounds he asserts in this

instant federal habeas petition. On November 14, 2005, the Winnebago County Circuit Court denied Onapolis' state petition for writ of habeas corpus.

Onapolis appealed to the Wisconsin Court of Appeals, and in a decision dated March 27, 2006, the Wisconsin Court of Appeals affirmed the decision of the Winnebago County Circuit Court. Onapolis' petition for review in the Wisconsin Supreme Court was denied on July 25, 2006, and Onapolis did not file a petition for certiorari in the United States Supreme Court.

Onapolis' habeas petition raises one claim: that his due process rights were violated because the State of Wisconsin had no jurisdiction to revoke his parole and incarcerate him in 2005 because his Dane County forgery sentence had expired in November 2000. Onapolis argues that the State of Wisconsin lacked jurisdiction over his person because it failed to follow its own procedures to extend Onapolis' parole.

## II. STANDARD OF REVIEW

Federal courts may issue a writ of habeas corpus if a petitioner demonstrates that he is "in [state] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Moffat v. Gilmore*, 113 F.3d 698, 702 (7th Cir. 1997); *see also Del Vecchio v. Illinois Dept. of Corrections*, 31 F.3d 1363, 1370 (7th Cir. 1994) (en banc) ("'[F]ederal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law.'") (quoting *Hass v. Abrahamson*, 910 F.2d 384, 389 (7th Cir. 1990)).

The habeas corpus statute was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 100 Stat. 1214, which provides, in pertinent part, that the federal courts may not grant habeas relief under Section 2254 unless the state court's judgment

3

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A rule is 'clearly established' only if it is compelled by existing Supreme Court precedent." *Henry v. Page*, 223 F.3d 477, 480 (7th Cir. 2000) (quoting *Hogan v. Hanks*, 97 F.3d 189, 192 (7th Cir. 1996)). A federal habeas court may not rely on its own precedent or that of circuit courts of appeals. There must be Supreme Court precedent to support the petitioner's claim and that Supreme Court precedent must have clearly established the relevant legal principle as of the time of the petitioner's direct appeal. *Schaff v. Snyder*, 190 F.3d 513, 522 (7th Cir. 1999).

A state court decision results in an "unreasonable application" of clearly established federal law when that court either (1) "identifies the correct governing legal rule from [Supreme Court precedent] but unreasonably applies it to the facts of the particular state prisoner's case," or (2) "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000); *see also Harris v. Cotton*, 365 F.3d 552, 555 (7th Cir. 2004). However, a federal habeas court may not grant relief under the "unreasonable application" prong unless the state court's application of Supreme Court precedent "l[ies] well outside the boundaries of permissible differences of opinion." *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002). A state court decision "'minimally consistent with the facts and circumstances of the case'" is not unreasonable. *Connor v. McBride*, 375 F.3d 63, 649 (7th Cir. 2004) (citation omitted).

4

Issues of fact found by a state court are presumed to be correct unless the petitioner rebuts this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Williams v. Parke*, 133 F.3d 971, 973 (7th Cir. 1997).

The AEDPA's deferential standard of review only applies where a state court has adjudicated a petitioner's claim on the merits. *Canaan v. McBride*, 395 F.3d 376, 382 (7th Cir. 2005); *Braun v. Powell*, 227 F.3d 908, 916 (7th Cir. 2000). Where there is no state court decision on the merits, a federal habeas court applies the standard of 28 U.S.C. § 2243, and disposes of the petitioner's claim "as justice and law require." *Id.* at 917.

That having been said, before a federal court may review the merits of a habeas petition, a petitioner must: (1) exhaust all remedies available in state courts and (2) fairly present any federal claims in state court first, or risk procedural default. *See Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001) ("Failure to exhaust available state court remedies constitutes a procedural default."); *see also Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996) (same). "The habeas petitioner must present his federal constitutional claims initially to the state courts in order to give the state 'the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *McGowan v. Miller*, 109 F.3d 1168, 1172 (7th Cir. 1997) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (internal quotations omitted). This means that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Although interrelated, courts have discussed exhaustion of state remedies and procedural default as separate issues.

A petitioner has exhausted his state court remedies "by either (a) providing the highest court in the state a fair opportunity to consider the constitutional issue, or (b) having no further available means for pursuing a review of one's conviction in state court." *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir. 1985).

The procedural default hurdle forbids the federal courts from addressing claims that were not fairly presented to the state court. *Jones v. Washington*, 15 F.3d 671, 675 (7th Cir. 1994). Procedural default occurs either when a state court has declined to address a federal claim because the petitioner failed to satisfy an independent state procedural requirement, *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991), or when the petitioner fails to present a claim to the state courts at the time, and in the way, required by the state. *Hogan v. McBride*, 74 F.3d 144, 146 (7th Cir. 1996).

Under the doctrine of procedural default, a federal habeas court will not review defaulted claims unless the petitioner demonstrates either (1) cause for the procedural default and actual prejudice resulting from the alleged violation of federal law, or (2) that failure to consider the claims would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 749-50 (quoting *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). The petitioner bears the burden of establishing that his procedural default is excused by one of these two exceptions. *See McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991).

To satisfy the cause and prejudice standard, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. The petitioner must also show that the errors of which he complains "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982))

6

(emphasis in original). To demonstrate that a fundamental miscarriage of justice would result from a refusal to consider the defaulted claims, the petitioner is required to show that he is "'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray*, 477 U.S. at 496). "This standard requires a petitioner to show that it is more likely than not that no reasonable juror would have convicted him." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999).

### III. DISCUSSION

The respondent argues that Onapolis procedurally defaulted his claim because his claim was procedurally barred in the Wisconsin courts due to Onapolis' failure to satisfy independent state procedural requirements. The Wisconsin Court of Appeals, in declining to address Onapolis' claim on the merits, stated:

> The State argues that the circuit court's order should be summarily affirmed because the revocation of parole cannot be challenged by a petition for a writ of habeas corpus but only by a petition for a writ of certiorari. We agree. **State ex rel. Reddin v. Galster**, 215 Wis. 2d 179, 183-84, 572 N.W.2d 505 (Ct. App. 1997), holds that "habeas corpus proceedings are not available for the purpose of challenging an administrative order revoking probation."
>
> In opposition to the motion for summary affirmance, Onapolis contends that his petition does not raise whether the administrative decision to revoke was arbitrary or capricious but in contrast argues a lack of jurisdiction to proceed in the first place. He suggests that certiorari review is not an appropriate and adequate remedy to address personal jurisdiction. **State DOC v. Schwarz**, 2005 WI 34, 279 Wis. 2d 223, 693 N.W.2d 703, and **State ex rel. Riesch v. Schwarz**, 2005 WI 11, ¶ 14, 278 Wis. 2d 24, 692 N.W.2d 219, **State ex rel. Jones v. Div. Hearings, Appeals**, 195 Wis. 2d 669, 672, 536 n.W.2d 214 (Ct. App. 1995), demonstrate that certiorari review of a revocation decision includes jurisdictional challenges. *See* **State ex rel. Cox v. DHSS**, 105 Wis. 2d 378, 380, 314 N.W.2d 148 (Ct. App. 1981) (our review of a revocation decision includes whether the department kept within its jurisdiction and acted according to law). Because certiorari review was an appropriate remedy at law, a writ of habeas corpus will not be granted. **Reddin**, 215 Wis. 2d at 184.
>
> Even construing Onapolis's petition for a writ of habeas corpus as a petition for a writ of certiorari, it was filed after the forty-five day time limit. *See* **State ex rel.**

7

> ***Saffold v. Schwarz***, 2001 WI App. 56, 241 Wis. 2d 253, 625 N.W.2d 333 (time limit in WIS. STAT. § 893.735(2), applies to petition seeking review of the revocation of parole). The Division of Hearings and Appeals sustained the revocation decision on March 22, 2005. The habeas petition was filed September 6, 2005. A habeas petition cannot be used to circumvent the applicable deadline for seeking certiorari review. ***Reddin***, 215 Wis. 2d at 184.
>
> Finally, we observe that on May 6, 2005, Onapolis filed a petition for certiorari review in the circuit court for Dane County. Although the petition was ultimately dismissed, Onapolis cannot litigate here claims that could and should have been raised in that proceeding. ***State ex rel. Macemon v. Christie***, 216 Wis. 2d 337, 343, 576 N.W.2d 84 (Ct. App. 1998).

(Dkt. 9, Ex. H: 3-4.)

Onapolis argues that his claim is not procedurally defaulted because his claim alleges a violation of his due process rights, and does not simply involve the review of a state statute. (Pet.'s Reply at 2.) However, whether the claim involves a constitutional right does not impact the issue of whether Onapolis failed to satisfy an independent state procedural requirement in challenging the legality of his parole revocation.

The facts of this case demonstrate that Onapolis failed to properly and timely file a petition for a writ of certiorari, as was required by state procedural requirements in order to challenge personal jurisdiction in a parole revocation proceeding. Simply stated, Onapolis was required to raise his challenge to personal jurisdiction via a petition for a writ of certiorari. However, Onapolis presented his challenge to the circuit court via a petition for habeas corpus, and this was after the 45 day deadline for seeking certiorari review. Although Onapolis did previously file a petition for certiorari review in the circuit court, this earlier petition was likewise not properly filed within the 45 day deadline. Given these procedural failures, the Court of Appeals declined to address Onapolis' federal claim. Consequently, Onapolis has procedurally defaulted his federal claim.

As previously stated, a procedurally defaulted claim may be reviewed "if the petitioner can show cause and prejudice for [his] failure to exhaust [his] claims, or if a failure to review them on these procedural grounds would result in a fundamental miscarriage of justice." *Howard v. O'Sullivan*, 185 F.3d 721, 726 (7th Cir. 1999). A "fundamental miscarriage of justice" is shown where "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Rodriguez*, 193 F.3d 913, 917 (7th Cir. 1999) (quoting *Murray*, 477 U.S. at 495-96). "This standard requires a petitioner to show that it is more likely than not that no reasonable juror would have convicted him." *Id.*

In the case at hand, Onapolis has not attempted to make either showing and, therefore, he cannot overcome the procedural default of his claim. *See Spreitzer v. Schomig*, 219 F.3d 639, 647-48 (7th Cir. 2000). Onapolis has not provided any indication that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. Moreover, Onapolis has not argued that he is actually innocent. The State's alleged failure to follow correct procedures in tolling his sentence does not demonstrate that Onapolis did not commit the parole violations which led to the revocation of his parole. Indeed, Onapolis admits that he absconded from Wisconsin parole supervision in March 1993 and June 2000.

**NOW THEREFORE IT IS ORDERED** that Onapolis' petition for a writ of habeas corpus be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that this action be and hereby is dismissed.

**SO ORDERED** this 19th day of September 2007, at Milwaukee, Wisconsin.

    /s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge